UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER WEINER,

      Plaintiff,

v.                                  Case No:  2:25-cv-120-JES-KCD

SHREE KAVYA HOSPITALITY, LLC
d/b/a Days Inn by Wyndham
Fort Myers, SHREE KAVYA
HOSPITALITY GROUP LLC d/b/a
Days Inn by Wyndham, Fort
Myers, and WYNDHAM HOTELS
AND RESORTS, INC.,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants Shree Kavya
Hospitality and Shree Kavya Hospitality Group's Motion for
Sanctions (Doc. #35) filed on July 1, 2025.  Plaintiff filed a
Response and Reply to Defendants' Opposition to Plaintiff's Motion
for Leave to File First Amended Complaint (Doc. #38) on the same
day.  The motion was served on plaintiff and counsel on June 3,
2025, and counsel failed to withdraw the claims within the safe-
harbor period.  (Doc. #35 at 2.)

Plaintiff initiated a Complaint (Doc. #1) against defendants
alleging sex trafficking in 2017 under the William Wilberforce
Trafficking Victims Protection Act (TVPA).  Plaintiff was granted
leave to proceed *in forma pauperis* and service was executed in May

2025.   (Docs. ## 12, 21, 24, 25.)   Defendants Shree Kavya Hospitality and Shree Kavya Hospitality Group (Shree Kavya defendants) appeared and sought an extension of time to respond to the Complaint through July 1, 2025.   (Docs. ## 28, 29.)   Defendant Wyndham Hotels and Resorts, Inc. (Wyndham Hotels) has not yet appeared in the case.

On June 30, 2025, plaintiff filed a Motion to Leave to File First Amended Complaint Against Defendants (Doc. #32) to add factual details and specific causes of action as to defendant Wyndham Hotels and filed a Notice of Voluntary Dismissal Without Prejudice (Doc. #33) to dismiss the Shree Kavya defendants without prejudice.   The motion to amend was denied for procedural reasons. (Doc. #39.)

On July 1, 2025, the Shree Kavya defendants filed the motion for sanctions arguing that counsel knowingly advanced frivolous claims contradicted by evidence establishing that Shree Kavya Hospitality does not and never has owned or operated the property at issue and events occurred more than five years before Shree Kavya Hospitality Group owned the property.

Rule 11(b) states that:

> By presenting to the court a pleading, written
> motion, or other paper--whether by signing,
> filing, submitting, or later advocating it--
> an attorney or unrepresented party certifies
> that to the best of the person's knowledge,
> information, and belief, formed after an
> inquiry reasonable under the circumstances:

- 2 -

(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Rule 11 standard, as recently stated by

the Eleventh Circuit:

> Rule 11 sanctions are warranted when a party files a pleading or motion that "(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." []
>
> Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion. [] When deciding whether to impose sanctions under Rule 11, a district court must conduct a two-step inquiry, determining "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." [] A factual claim is frivolous when it has no

- 3 -

reasonable factual basis. [] A legal claim is frivolous when it has no reasonable chance of succeeding. [] When the attorney's evidence is "merely weak," but supports a claim under existing law after a reasonable inquiry, sanctions are unwarranted. Sanctions are warranted, however, when the attorney exhibits "a deliberate indifference to obvious facts." []

If the attorney failed to make a reasonable inquiry, then "the court must impose sanctions despite the attorney's good faith belief that the claims were sound." [] The reasonableness of the inquiry depends on the circumstances of the case. []

In addition, an attorney's obligations with respect to the contents of pleadings or motions are not measured solely as of the time when the pleading or motion is initially filed with the court, but also at the time when the attorney, having learned the claims lack merit, reaffirms them to the court. [] "That the contentions contained in the complaint were not frivolous at the time it was filed does not prevent the district court from sanctioning [the attorney] for his continued advocacy of them after it should have been clear that those contentions were no longer tenable." []

Gulisano v. Burlington, Inc., 34 F.4th 935, 941–43 (11th Cir. 2022) (internal citations omitted). "Under Rule 11's 'safe harbor' provision, the party seeking sanctions must serve a copy of the motion on the opposing party 21 days before filing a motion for sanctions under Rule 11." Dudar v. State Farm Fire & Cas. Ins., No. 23-12788, 2024 WL 3580079, at *1 (11th Cir. July 30, 2024) (citing Fed. R. Civ. P. 11(c)(2)).

In response, plaintiff states that defense counsel refused to provide "basic information regarding their clients' relationships or familial ties, despite Plaintiff's repeated good-faith efforts to obtain this information." (Doc. #38 at ¶ 8.) Counsel further states that a private investigator had to be retained to determine the owners, which revealed on or about June 5, 2025, that at the time of the alleged trafficking incident on the property a separate entity was operating the business at that location." (Id. at 9-10.) On June 27, 2025, counsel tried to initiate another meet and confer to voluntarily dismiss the parties but counsel for defendants declined to stipulate to the dismissal. (Id. at 12.) Counsel denies any bad faith or undue delay in seeking leave to amend. (Id. at 19-20.)

The Court finds that the claims are not objectively frivolous. Plaintiff's counsel diligently sought to establish the factual basis of the claims, acted promptly to dismiss defendants after an investigation, and that sanctions are not appropriate.

Accordingly, it is hereby

**ORDERED**:

1. Defendants Shree Kavya Hospitality and Shree Kavya Hospitality Group's Motion for Sanctions (Doc. #35) is **DENIED**.

2. Plaintiff may file an amended complaint, without the Shree

   Kavya defendants, within **SEVEN (7) DAYS** of this Opinion

   and Order.

   **DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day

of July 2025.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record

- 6 -