```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JENNIFER WEINER,

      Plaintiff,

v.                                     Case No:  2:25-cv-120-JES-DNF

WYNDHAM HOTELS AND RESORTS,
INC., a corporation, a brand
hotel in Fort Myers, Florida
d/b/a Days Inn by Wyndham in
Fort Myers,

      Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant Wyndham Hotels & Resorts, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #68) filed on November 12, 2025.  Plaintiff filed a Response in Opposition (Doc. #72) on December 10, 2025, and defendant filed a Reply Brief (Doc. #78) on December 23, 2025. For the reasons set forth below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

**II.**

Plaintiff's Second Amended Complaint (SAC) (Doc. #67) is brought pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA) and state law against "Wyndham Hotels and Resorts, Inc.", identified by plaintiff as the franchisor of the "Days Inn by Wyndham" in Fort Myers.  Defendant states that the correct name is "Wyndham Hotels & Resorts, Inc." (Wyndham or Defendant) as the parent company of the franchisor of Days Inn brand, including the 11435 South Cleveland Avenue Days Inn location in Fort Myers.

The SAC alleges that plaintiff Jennifer Lynn Weiner (Weiner or Plaintiff) is a survivor of human sex trafficking that occurred

between August 11, 2017, and October 14, 2017. In 2017, Anthony Xavier Spain Grace (Anthony) trafficked plaintiff by exploiting her addiction to drugs, maintaining complete control over plaintiff, and coercing plaintiff to perform commercial sex acts for financial gain.

Plaintiff would rent rooms in her name, pay with cash and without identification, while Anthony parked outside. Hotel employees and management observed a continuous flow of adult men entering and exiting plaintiff's room at all hours, frequent multi-day rentals paid in cash, men arriving for short stays lasting under an hour, refusal of housekeeping, plaintiff being visibly malnourished, bruised, and disoriented, and standing outside in revealing clothing to solicit customers against her will.

When her trafficker lacked money for a room, plaintiff and other women would solicit men in the breakfast area for prostitution. If plaintiff returned with less than $300, she would be violently assaulted and humiliated by the trafficker in and around the hotel premises, but law enforcement was not contacted. Plaintiff was trafficked in specific rooms and was photographed in Room 303 for online advertisements on Backpage.com. The Days Inn was known as a hub for prostitution and trafficking and acts occurred openly and continuously.

Plaintiff asserts that Wyndham asserted substantial control over the franchised property by mandating adherence to brand

policies, requiring using their branded room reservation system, conducting audits and retaining authority to require training or corrective action. Defendant's franchise model gives it "comprehensive authority and oversight" over branded hotels and franchisees must strictly conform to a Franchise Agreement. All general managers must attend and complete corporate training, including a human trafficking prevention training course. Plaintiff alleges that defendant failed to require, verify, or enforce compliance with its own anti-trafficking training requirements at the Days Inn. Plaintiff argues that the control and profit-sharing structure gives rise to agency and vicarious liability for the acts and omissions of the hotel's employees and managers.

### III.

"Our analysis begins with the text of the civil remedy provision of the TVPRA, which provides that a sex trafficking victim may bring a civil action for damages against the perpetrator 'or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter.'" K. H. v. Riti, Inc., No. 23-11682, 2024 WL 505063, at *2 (11th Cir. Feb. 9, 2024) (quoting 18 U.S.C. § 1595(a)).

"To bring a civil TVPRA claim against an alleged beneficiary, a plaintiff must plausibly allege that the defendant: '(1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that violated the TVPRA as to the plaintiff, and (4) with constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.'" Taylor v. CPLG FL Props. LLC, No. 2:24-CV-429-JES-NPM, 2024 WL 4825814, at *2 (M.D. Fla. Nov. 19, 2024) (quoting Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021)).

### A. Knowingly Benefited

To satisfy the first element of a TVPRA beneficiary claim, plaintiff must allege that defendant "knew it was receiving some value from participating in the alleged venture." Red Roof Inns, 21 F.4th at 724. As the Eleventh Circuit stated,

> "Knowingly benefits" means "an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact." *Knowledge*, Black's Law Dictionary (11th ed. 2019). And Section 1595(a) explains that a defendant may benefit "financially or by receiving anything of value." Accordingly, a plaintiff … must allege that the defendant knew it was receiving some value from participating in the alleged venture.

Id. at 723–24. In the absence of a more stringent statutory pleading requirement, knowledge "may be alleged generally." Fed. R. Civ. P. 9(b).  A "plaintiff may sufficiently allege such

"culpable assistance" by showing "a continuous business relationship" between the participant and the trafficker." G.G. v. Salesforce.com, Inc., 76 F.4th 544, 559 (7th Cir. 2023). Wyndham argues that plaintiff does not plead a continuous relationship, common undertaking, or enterprise. (Doc. #68, p. 8.)

Plaintiff alleges that Wyndham "exercised significant control and oversight over the operations of the hotel through its franchise agreement, brand standards, required training programs, marketing systems, reservation platforms, and inspection protocols, thereby maintaining a continuous right of supervision over the property and its employees." (Doc. #67 at ¶ 3.) Plaintiff alleges that Wyndham's "business model is centralized, standardized, and profit-drive" giving it "pervasive control." (Id. at 24.) Plaintiff alleges that Wyndham "retained and exercised the right to supervise, inspect, and enforce compliance with its brand and operational standards, thereby establishing a principal-agent relationship sufficient to impose vicarious liability upon Defendant for the negligent, reckless, and unlawful acts and omissions of the hotel's management and employees." (Id. at 43.) Plaintiff alleges that Wyndham's "corporate control and profit-sharing structure created a joint venture relationship with the franchisee, giving rise to agency and vicarious liability for

the acts and omissions of the hotel's employees and managers." (Id. at 56.)

"To survive a motion to dismiss, all that is necessary is for a plaintiff to allege such a "continuous business relationship," which gives rise to an inference, drawn in the plaintiff's favor, that the civil defendant facilitated the venture's success." G.G. v. Salesforce.com, Inc., 76 F.4th at 560. The Court previously found this element could be satisfied at this stage of the proceedings. See, e.g., A.D. v. Choice Hotels Int'l, Inc., No. 2:22-CV-648-JES-NPM, 2023 WL 3004547, at *3 (M.D. Fla. Apr. 19, 2023) (collecting cases). In this case, the Court finds that plaintiff has failed to sufficiently allege a common undertaking that could give rise to the inference that Wyndham helped facilitate the human trafficking.

**B. Participation in Venture**

Plaintiff must allege that the benefits received by Wyndham were from "participation in a venture" which defendants knew or should have known has engaged in an act in violation of the TVPRA. 18 U.S.C. § 1595(a). The Eleventh Circuit rejected the statutory definition of "participation in a venture" found in the criminal provision, § 1591(e)(4), which defined "participation in a venture" as "knowingly assisting, supporting or facilitating a violation of subsection (a)(1)." Instead, the Eleventh Circuit held that "participation in a venture" in the civil context

- 7 -

requires that plaintiff allege that the franchisor "took part in a common undertaking or enterprise involving risk and potential profit." Red Roof Inns, 21 F.4th at 725.

Plaintiff alleges that Wyndham "knowingly profited from this criminal enterprise by collecting franchise fees, royalties, and other income derived from rooms rented for the purpose of sex trafficking. The company's conduct—prioritizing profit over human safety—constitutes knowing or reckless participation in a trafficking venture under federal law and state law." (Doc. #67 at ¶ 12.) Plaintiff alleges that Wyndham's business model is "centralized, standardized, and profit-driven, giving it pervasive control over franchise operations and training." (Id. at 24.) Plaintiff alleges that defendant had actual and constructive knowledge that sex trafficking was occurring at its hotels under its brand and that it "has continued to profit from sex trafficking occurring on their franchised hotel property, prioritizing financial gain over the safety and dignity of vulnerable human beings." (Id. at 34-35.) Plaintiff alleges that Wyndham's "franchise revenue model created a direct financial incentive to ignore criminal conduct occurring on its premises. Defendant collected franchise fees, royalties, and loyalty program commissions, calculated as a percentage of gross room revenues ("GRR"), without regard to the source of those revenues." (Id. at 37.)

"[A]s the Eleventh Circuit has acknowledged, the alleged venture can be a '*commercial* venture' like running or expanding a business. G.G. v. Salesforce.com, Inc., No. 22-2621, 2023 WL 4944015, at *6 (7th Cir. Aug. 3, 2023) (citing Red Roof Inns, Inc., 21 F.4th at 727 (emphasis added)).  "The "participation" in the sex trafficking venture is essentially that the alleged franchisor and the hotel operator did not fight hard enough to keep these traffickers from using the hotel." A.D. v. Choice Hotels Int'l, Inc., No. 2:22-CV-648-JES-NPM, 2023 WL 3004547, at *4 (M.D. Fla. Apr. 19, 2023).  The Complaint acknowledges that Wyndham opposes sex traffickers by publicly committing to combating human trafficking, Doc. #67 at 35, "but fault defendants for taking ineffective steps to curtail the traffickers. This hardly sounds like participating in a venture." Id. at *4.

The Court finds that the SAC must be dismissed because it does not sufficiently plead that defendant participated in a sex trafficking venture beyond participation in shared revenue as part of its normal role as a franchisor. Red Roof Inns, Inc., 21 F.4th at 726-27 ("These allegations may suggest that the franchisors financially benefitted from renting hotel rooms to the Does' sex traffickers. But they do nothing to show that the franchisors participated in a common undertaking involving risk or profit that violated the TVPRA—*i.e.*, the alleged sex trafficking ventures."); Riti, Inc., 2024 WL 505063, at *3 (allegations that hotel "knew or

should have known that sex trafficking was occurring at its hotel—based on online reviews, police reports, and visible indicators" but continued "a hotel business relationship" is insufficient).

### C. Objective of the Venture

The third element requires plaintiff to "plead sufficient facts to plausibly allege that the venture in which the franchisors participated committed one of these crimes against them." Red Roof Inns, Inc., 21 F.4th at 725. The allegations that plaintiff seeks to hold Wyndham "accountable for its knowing participation in, and financial benefit from, a sex-trafficking venture that exploited Plaintiff in violation of the TVPRA," Doc. #67 at 9, is sufficient.

### D. Actual or Constructive Knowledge

"[F]ranchisors may be liable under the TVPRA if they have either actual or constructive knowledge that the venture in which they participated and from which they benefited violated the TVPRA as to the [Plaintiff]." Red Roof Inns, Inc., 21 F.4th at 725. This element suffers the same problem as the participation in a venture element. Since the "participation" and "venture" components are not sufficiently plead, the actual or constructive knowledge of participation in such a venture cannot be plausibly pled either. A.D. v. Choice Hotels Int'l, Inc., 2023 WL 3004547, at *5.

**IV.**

**A. Count I: Florida Law**

In Count I, plaintiff states that "[t]his cause of action is brought under the TVPRA, 18 U.S.C. §§ 1591 and 1595, and Florida Statutes § 787.06." (Doc. #67 at ¶ 46.) Plaintiff further states that plaintiff is a victim of human sex trafficking within the meaning of the TVPRA and as defined by the Florida statute. (Id. at 48.) Lastly, plaintiff states that defendant violated "Fla. Stat. § 787.06(3)(g) and (4) by knowingly harboring, facilitating, and financially benefiting from human trafficking for commercial sexual activity, and by failing to exercise reasonable diligence to prevent such acts." (Id. at 59.)

Defendant argues that Count I is a shotgun pleading because "it 'commits the sin of not separating into a different count each cause of action or claim for relief.'" (Doc. #68, p. 14) (quoting Weiland v. Pam Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). Defendant further argues that the Florida statute does not provide a private cause of action. (Id.) Plaintiff responds that she does not assert an independent cause of action under Florida law. Plaintiff states "[t]o the extent the Court deems the references to Chapter 787 unnecessary for adjudicating the TVPRA claim, Plaintiff does not oppose treating those allegations as background material rather than a separate cause of action." (Doc. #72, p. 15.)

The Court agrees that the Florida statute does not support a civil cause of action for "human trafficking", meaning "transporting, soliciting, recruiting, harboring, providing, enticing, maintaining, purchasing, patronizing, procuring, or obtaining another person for the purpose of exploitation of that person," on the franchisee premises. Fla. Stat. § 787.06(2)(d). Under Florida law, "[a] victim of human trafficking has a civil cause of action against an adult theater, as defined in s. 847.001(2)(b), or an owner, an operator, or a manager of such theater, that knowingly allows a victim of human trafficking to work, perform, or dance at the adult theater." Fla. Stat. § 787.061(3)(a).

The references to the statute in Count I are superfluous and unnecessary to the claim under the TVPRA. The motion to dismiss will be granted to the extent that the references are immaterial to the cause of action. The motion is otherwise denied.

**B. Negligence and Premises Liability**

In Count II, plaintiff alleges that Wyndham owed a duty of reasonable care to protect lawful invitees of the hotel, including plaintiff as a paying guest in 2017, from foreseeable risks of harm, and Wyndham breached that duty of care causing damages. (Doc. #67 at ¶¶ 65-67, 73.)

Defendant argues that Count II should be dismissed as time barred because the statute of limitations for any action based on

negligence is four years, and the claim accrued in 2017. Alternatively, defendant argues that plaintiff fails to state a claim. Plaintiff responds that tolling applies and the TVPRA's protections for trafficking victims, which has a 10-year statute of limitations, applies.

"[D]ismissal on statute-of-limitations grounds is proper only where it is 'apparent from the face of the complaint that the claim is time-barred.'" Wainberg v. Mellichamp, 93 F.4th 1221, 1224 (11th Cir. 2024) (quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)); United States ex rel. Hunt v. Cochise Consultancy, Inc., 887 F.3d 1081, 1085 (11th Cir. 2018). On its face, Count II is due to be dismissed based on the statute of limitations argument.

First, the cases cited by plaintiff do not support the argument that the 10-year statute of limitations applicable to the TVPRA extend to the state claims. Cruz v. Maypa, 773 F.3d 138, 148 (4th Cir. 2014) (finding state law claims time barred); Oluoch v. Orina, 101 F. Supp. 3d 325, 331–32 (S.D.N.Y. 2015) (examining if equitable tolling applied to period when defendant immune from suit while a foreign diplomat but finding no extraordinary circumstances); Bistline v. Parker, 918 F.3d 849, 876 (10th Cir. 2019) (applying Utah's statute of limitations to state claims).

Second, there are insufficient facts in the SAC to support equitable tolling, including for the listed reasons of delayed

discovery, "duress tolling", or equitable tolling. The delayed discovery doctrine has limited application and there are no factual allegations of fraudulent conduct, or a mental condition such as abuse, caused by Wyndham such that it delayed plaintiff from filing suit. Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co., 793 So. 2d 1127, 1129 (Fla. 5th DCA 2001). The second case cited has a limited holding and does not discuss "duress tolling." The Florida Supreme Court answered a certified question and held that "the 'tolling' proscription in section 95.051, Florida Statutes (1991), does not embrace the common law doctrine of equitable estoppel, for equitable estoppel is not a "tolling" doctrine. We limit our holding to the narrow issue framed by the certified question and do not address whether any other considerations may operate to restrict use of equitable estoppel in a given case." Major League Baseball v. Morsani, 790 So. 2d 1071, 1080 (Fla. 2001). The third case was also limited to an irrelevant certified question on the application of the tolling doctrine in administrative proceedings. Machules v. Dep't of Admin., 523 So. 2d 1132, 1133 (Fla. 1988).

The motion to dismiss will be granted based on the statute of limitations argument with prejudice. The Court otherwise accepts the allegations as true that Wyndham had sufficient control over the Days Inn for premise liability purposes. See, e.g., S.Y. v. Wyndham Hotels & Resorts, Inc., 521 F. Supp. 3d 1173, 1193 (M.D.

Fla. 2021) ("While Wyndham may dispute these allegations, the Court must accept them as true at this stage of the proceedings and finds them sufficient to allege Wyndham had sufficient control of the Ramada Hotel for premise liability purposes.").

### C. Vicarious Liability

In Count III, plaintiff alleges vicarious liability under the TVPRA and Florida law. Plaintiff alleges that Wyndham, through its franchise agreement, brand standards, and operational control, exercised the right to control Days Inn thereby establishing an agency relationship. (Doc. #67 at ¶ 76.) As agents of Wyndham, the hotel employees and management knowingly benefited from and participated in a trafficking venture by renting rooms to plaintiff's trafficker. Plaintiff alleges that Wyndham is liable under a joint-employer theory. (Id. at 80-81.)

Defendant argues that Count III is not a cause of action but a theory of liability and that the claim is inconsistent with the TVPRA. Defendant further argues that the theory fails based on the franchise relationship and under Eleventh Circuit law. (Doc. #68, pp. 18-22.) Plaintiff relies entirely upon case law outside the Eleventh Circuit in support of the claim.

The Court has addressed similar arguments before and found sufficient allegations to support a plausible inference of an agency relationship. See S.Y. v. Naples Hotel Co., 476 F. Supp. 3d 1251, 1258 (M.D. Fla. 2020); S.Y. v. Wyndham Hotels & Resorts,

Inc., 519 F. Supp. 3d 1069, 1084 (M.D. Fla. 2021); C.S. v. Wyndham Hotels & Resorts, Inc., 538 F. Supp. 3d 1284, 1299 (M.D. Fla. 2021); C.T. v. Red Roof Inns, Inc., No. 2:22-CV-834-JES-KCD, 2023 WL 3510879, at *3 (M.D. Fla. Mar. 11, 2023); Doe v. Hotels, No. 6:23-CV-1012-JSS-LHP, 2024 WL 2955728, at *10 (M.D. Fla. June 12, 2024), reconsideration denied sub nom. Jane Doe K.R. v. Choice Hotels, No. 6:23-CV-1012-JSS-LHP, 2024 WL 4373374 (M.D. Fla. Oct. 2, 2024).  Therefore, the motion will be denied.

Accordingly, it is now

**ORDERED**:

1. Defendant Wyndham Hotels & Resorts, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #68) is **GRANTED IN PART AND DENIED IN PART** as set forth above and the Second Amended Complaint is dismissed without prejudice except as to Count II, which is dismissed with prejudice.

2. Plaintiff may file a Third Amended Complaint (and final) within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of January 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record