UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER WEINER,

      Plaintiff,

v.                         Case No:  2:25-cv-120-JES-DNF

WYNDHAM HOTELS AND RESORTS,
INC., a corporation,
franchised Days Inn by
Wyndham, a brand hotel in
Fort Myers, Florida,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Wyndham Hotels & Resorts, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #84) filed on February 20, 2026.  Plaintiff filed a Response in Opposition (Doc. #85) on March 13, 2026, and defendant filed a Reply Brief (Doc. #88) on March 31, 2026.  For the reasons set forth below, the motion is granted in part.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

**II.**

Plaintiff's Third Amended Complaint (TAC) (Doc. #83) is brought pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA) and state law against "Wyndham Hotels and Resorts, Inc." (Wyndham or Defendant) as the franchisor of its Days Inn brand, including the Days Inn by Wyndham Fort Myers (Days Inn) located at 11435 South Cleveland Avenue in Fort Myers, Florida.

The TAC alleges that plaintiff Jennifer Lynn Weiner (Weiner or Plaintiff) was trafficked for commercial sex acts at the Days Inn by Anthony Xavier Spain Grace (Anthony) by exploiting her addiction to drugs and coercing plaintiff to perform commercial

sex acts for financial gain.  Between August 2017, and October 2017, Anthony trafficked plaintiff for commercial sex acts at the Days Inn operating under the control, supervision, and profit structure of Wyndham.

Plaintiff would rent rooms in her name, pay with cash and without identification, while Anthony parked outside.  Despite visible distress, bruising, emaciation, and disorientation, hotel employees continued to rent her rooms.  Days Inn employees and management observed a continuous flow of adult men entering and exiting plaintiff's room at all hours, frequent multi-day rentals paid in cash, men arriving for short stays lasting under an hour, refusal of housekeeping, plaintiff being visibly malnourished, bruised, and disoriented, and standing outside in revealing clothing to solicit customers.

When her trafficker lacked money for a room, plaintiff and other women would solicit men in the breakfast area for prostitution.  Plaintiff had strict monetary expectations and if plaintiff returned with less than $300, she would be violently assaulted and humiliated by the trafficker in and around the hotel premises.  Plaintiff was trafficked in specific rooms and was photographed on at least one occasion in Room 303 for online advertisements on Backpage.com.

Plaintiff asserts that Wyndham asserted substantial control over the franchised property by mandating adherence to brand

- 3 -

policies, requiring using their branded room reservation system, conducting audits and retaining authority to require training or corrective action. Wyndham's franchise model gives it "comprehensive authority and oversight" over the operation, training, and management of its branded hotels. All general managers must attend and complete corporate training, including a human trafficking prevention training course.

Days Inn was known as a "hub for prostitution and trafficking", and Wyndham failed to require, verify, or enforce compliance with its own anti-trafficking training requirements at the Days Inn. Plaintiff alleges that Wyndham is in a unique position to be aware of the use of its franchisees' facilities for illegal conduct. Plaintiff alleges that Wyndham had actual and constructive knowledge that sex trafficking occurring at Days Inn and the franchise revenue model created a direct financial incentive to ignore criminal conduct. During the relevant period, Wyndham received brand-compliance data reflecting abnormal short-term bookings, repeated cash rentals, unusually high guest turnover, and other patterns consistent with commercial sex activity at Days Inn. Wyndham continued to collect royalties and other changes calculated on gross room revenue and authorize Days Inn to operate under its brand. Despite audits, complaints, and other compliance reviews showing criminal activity, prostitution, and suspected sex trafficking, Wyndham did not suspend operations,

- 4 -

mandate reporting, or otherwise take steps to disrupt the trafficking activity.

### III.

On January 16, 2026, the Court issued an Opinion and Order (Doc. #80) granting in part Wyndham's Motion to Dismiss Plaintiff's Second Amended Complaint. The Court dismissed Count I under the TVPRA without prejudice with leave to amend, dismissed Count II for negligence with prejudice, and denied the motion as to Count IIII for vicarious liability.

The necessary elements for a TVPRA claim have not changed and are discussed below. Weiner v. Wyndham Hotels & Resorts, Inc., No. 2:25-CV-120-JES-DNF, 2026 WL 120224, at *2 (M.D. Fla. Jan. 16, 2026) (listing elements). Defendant focuses on two of the elements, without conceding the first element, participation in any "venture" and knowledge. (Doc. #84, p. 6 & n.2.)

### 1. Participation in Venture

The Eleventh Circuit defines "participation in a venture" to require that plaintiff show that Wyndham "took part in a common undertaking or enterprise involving risk and potential profit." Red Roof Inns, 21 F.4th at 725. "[O]bserving something is not the same as participating in it." Id. at 727. "Whether a defendant is a hotel operator or franchisor is not material. Merely renting a hotel room to a trafficker with actual or constructive knowledge of his trafficking does not constitute "participation in a venture"

- 5 -

as defined by Red Roof. To share legal risks and profits with a perpetrator under the TVPRA, 'something more than engaging in an ordinary buyer-seller transaction is required.'" A.G. v. Northbrook Indus., Inc., No. 24-13294, 2026 WL 864178, at *7 (11th Cir. Mar. 30, 2026) (quoting Doe 1 v. Apple Inc., 96 F.4th 403, 415 (D.C. Cir. 2024)). The "venture" must be a "sex trafficking venture" and "[a] hotel's general friendliness toward and awareness of sex trafficking, while deplorable, is not enough to establish "participation in a venture" under § 1595." Id. at 7, 9.

Plaintiff alleges that Wyndham's "franchise revenue model created a direct financial incentive to ignore criminal conduct occurring on its premises." Wyndham received a 5% royalty fee and 3% marketing and global sales fee on gross room revenues. Wyndham profited from increased brand value, market penetration, and ongoing royalties. (Doc. #83, ¶¶ 35-36.) Plaintiff alleges that Wyndham receives summaries "which reflected abnormal short-term bookings, repeated cash rentals, unusually high guest turnover, and other patterns consistent with commercial sex activity." (Id. at 41.) Plaintiff alleges that Wyndham continued to accept "location-specific revenue" after receiving notice of trafficking indicators. (Id. at 43-44.) Plaintiff alleges that Wyndham could have intervened but did not suspend operations, revoke the franchise, or require any corrective action. (Id. at 50.)

As with the Second Amended Complaint, the Court finds that the Third Amended Complaint remains deficient. Plaintiff simply has not alleged enough to show that Wyndham participated in a sex trafficking venture beyond accepting revenue from a franchisee that may have actively been participating in sex trafficking, and doing nothing about it.

## 2. Actual or Constructive Knowledge

"Section 1595's knowledge element requires constructive or actual knowledge that the undertaking or enterprise violated the TVPRA, nothing more." Northbrook, 2026 WL 864178, at *8. The knowledge of a TVPRA violation is not specific to an identified victim. Id. This knowledge is "'one using reasonable care or diligence should have.'" Id. at *10 (quoting Red Roof, 21 F.4th at 725).

Plaintiff alleges that Wyndham:

> had actual and constructive knowledge that sex trafficking was occurring at the Days Inn® by Wyndham Fort Myers and other similarly situated branded properties, based on prior complaints, inspection findings, litigation, law-enforcement actions, and corporate training materials. This knowledge was based on:
>
> a. Prior lawsuits and law enforcement actions involving Defendant-branded hotels nationwide;
>
> b. Government and industry warnings about trafficking risks in the hospitality sector; and
>
> c. Training and awareness materials distributed by the American Hotel& Lodging

- 7 -

Association (AHLA) and ECPAT-USA, beginning years before 2017 made the Defendant aware of its duty to prevent such crimes.

(Doc. #83, ¶ 32.)  Plaintiff also states that Wyndham's CEO has publicly expressed a commitment to combating human trafficking, providing training, and supporting survivors.  (Id. at 33.) Plaintiff alleges that Wyndham should have known based on visible trafficking indicators, corporate oversight, and internal monitoring systems.  (Id. at 27, 65.)  The allegations support a general awareness of trafficking in the industry, and at least constructive knowledge of trafficking at Days Inn but without a showing of some participation in a sex trafficking venture, the claim fails.  The motion to dismiss will be granted with prejudice.

**IV.**

In Count II, plaintiff alleges vicarious liability under the TVPRA.  Plaintiff did not respond to the motion to dismiss Count II or the specific argument that the TAC should be dismissed because it does not allege a basis to hold Wyndham vicariously liable based on an agency or joint employer theory.  (Doc. #88, p. 6.)  While the claim appears to have been abandoned, the Court previously denied the motion to dismiss on this count.  Weiner v. Wyndham Hotels & Resorts, Inc., No. 2:25-CV-120-JES-DNF, 2026 WL 120224, at *6 (M.D. Fla. Jan. 16, 2026) (collecting cases).  The Court does not find that the issue needs to be revisited.

Accordingly, it is now

- 8 -

**ORDERED:**

1. Defendant Wyndham Hotels & Resorts, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #84) is **GRANTED IN PART AND DENIED IN PART.** Count I of the Third Amended Complaint is dismissed with prejudice. The motion is denied as to Count II.

2. Having dismissed the claim over which it had original jurisdiction with prejudice, 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Count II, which will be dismissed without prejudice.

3. The Clerk shall enter judgment accordingly, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 9 -